UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDDIE JAMES MCDOUGAL, JR.,

                                      Plaintiff,

v.                                                                                  Case No. 23-C-1670

EARNELL LUCAS,

                                      Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Freddie James McDougal, Jr., who was incarcerated when he brought this action but has since been released, is proceeding on a Fourteenth Amendment claim based on allegations that Earnell Lucas, who was the Milwaukee County Sheriff at the relevant time, failed to address a lack of cleaning supplies and/or hygiene items for more than seven months while McDougal was confined at the Milwaukee County Jail. The defendant filed a motion for summary judgment on December 16, 2024. Dkt. No. 29. In a notice and order, which was mailed to the address McDougal provided, the Court reminded McDougal that under Civil L. R. 56(b)(2) his response materials were due by January 15, 2025. Dkt. No. 34. The Court warned McDougal that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by the defendant as undisputed, which would likely result in summary judgment being granted in the defendant's favor and the case being dismissed. On the day his response materials were due, McDougal updated his mailing address, but he did not respond to the defendant's motion, nor did he ask for more time to do so.

      The Court has reviewed the defendant's motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendant is entitled to

summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by the defendant and deemed true as a result of McDougal's failure to respond, the Court concludes that McDougal cannot prove that the conditions in which he was housed were objectively serious enough to trigger constitutional protections. *See* Dkt. No. 31 at ¶¶29-52. And even if McDougal had presented evidence that the conditions at the jail were constitutionally problematic (which he did not), the undisputed record shows that the defendant reasonably responded to McDougal's need for cleaning supplies and/or hygiene items. *See id.* at ¶¶53-62, 66. Accordingly, the defendant is entitled to summary judgment. *See Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019) (Sykes, D., concurring) (explaining that, for a pretrial detainee to prevail on a conditions of confinement claim, he must prove, in part, that the conditions in question were objectively serious and that the official's actions were objectively unreasonable).

**IT IS THEREFORE ORDERED** that the Defendant's motion for summary judgment (Dkt. No. 29) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 29th day of January, 2025.

_____
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.